UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOBY A. ERHART,

              Petitioner,

v.

MARGARET GILBERT,

              Respondent.

CASE NO. C15-5901BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 21), and Petitioner Toby Erhart's ("Erhart") objections to the R&R (Dkt. 22).

On June 7, 2016, Judge Strombom issued the R&R recommending that the Court deny the petition as untimely under the federal statute of limitations. Dkt. 21. On June 21, 2016, Erhart filed objections. Dkt. 22. On July 6, 2016, the Government responded to the objections. Dkt. 23.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Erhart's objections are limited to the issues of actual innocence exception to untimely petitions and the issuance of a certificate of appealability. Erhart does not contest Judge Strombom's conclusion that Erhart's petition is untimely under 28 U.S.C. § 2244(d). Therefore, the Court adopts the R&R on the issue of timeliness.

With regard to the issue of actual innocence, Erhart argues that he is "factually innocent of the crime of conviction because he is entitled to a new trial." Dkt. 22 at 6. A new trial, however, only carries the presumption of innocence and is not factual innocence. As the Government correctly points out, "Erhart's argument goes to his legal innocence; whether a legal error should result in a new trial." Dkt. 23 at 3. Contrary to Erhart's position, "[i]n order to pass through the *Schlup* [actual innocence] gateway, a 'petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Sistrunk v. Armenakis*, 292 F.3d 669, 673 (9th Cir. 2002) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Erhart does not rely on new evidence to support his position and, therefore, is unable to show that no reasonable juror would have convicted him in light of any new evidence. This is true even in the most recent case that Erhart relies upon, which is *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). In *McQuiggin*, petitioner claimed actual innocence based on three new affidavits that supported petitioner's claim that he did not commit the murder. *Id*. at 1930. In light of these cases, Erhart's objections are unpersuasive, and the Court adopts the R&R on this issue because Erhart is claiming legal innocence, not factual innocence.

With regard to a certificate of appealability, Erhart objects to Judge Strombom's recommendation that one not issue. Erhart argues that he presents a case of first impression and appellate courts should provide guidance on the bounds of the actual innocence exception. Dkt. 22 at 9–10. The Court, however, agrees with Judge Strombom that reasonable minds would not differ on whether *McQuiggin* and *Schlup* should be extended to legal innocence claims.

Therefore, the Court having considered the R&R, Erhart's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Erhart's petition is **DISMISSED** as untimely;

(3) The Court **DENIES** a Certificate of Appealability; and

(4) The Clerk shall close this case.

Dated this 22nd day of August, 2016.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge